UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 18, 2013

LETTER TO ALL COUNSEL

    Re: *Donna Brown o/b/o A.S. v. Commissioner of Social Security*,
        Civil No. SAG-12-2563

Dear Counsel:

    On August 27, 2012, Donna Brown, on behalf of her minor grandchild, A.S., petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). I will grant the Commissioner's motion and deny Ms. Brown's motion. This letter explains my rationale.

    Ms. Brown, on behalf of A.S., applied for childhood SSI on May 23, 2007, alleging a disability onset date of April 1, 2007.[1] (Tr. 130-43). Her claim was denied initially on October 17, 2007, and on reconsideration on February 14, 2008. (Tr. 63-66, 73-74). A hearing was held on October 14, 2010, before an Administrative Law Judge ("ALJ"). (Tr. 37-60). Following the hearing, on October 22, 2010, the ALJ issued an opinion denying benefits. (Tr. 18-36). Because the Appeals Council denied Ms. Brown's request for review, (Tr. 1-5), the ALJ's decision is the final, reviewable decision of the agency.

    The ALJ evaluated Ms. Brown's claim using the three-step sequential process for claims involving childhood SSI, as set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Brown's claim. At step one, the ALJ found that A.S. had not engaged in any substantial gainful activity at any relevant time. (Tr. 24). At step two, the ALJ found that A.S. suffered from the severe impairments of attention deficit hyperactivity disorder ("ADHD") and major depressive disorder. *Id.* At step three, however, the ALJ found that A.S. did not have an impairment or combination of impairments that met any listing. *Id.* Additionally, the ALJ determined that A.S. did not have an impairment or combination of impairments that would be

---

[1] Ms. Brown suggests that remand is warranted because the transcript does not contain an application filed on May 23, 2007, and other records suggest that the application was filed about one week later, on June 1, 2007. Pl. Mot. 2. Because this opinion affirms the Commissioner's denial of benefits, the precise date of the application is immaterial.

functionally equivalent to any listing. (Tr. 24-32). Therefore, the ALJ determined that A.S. was not disabled for purposes of children's SSI benefits. (Tr. 32).

Ms. Brown asserts two arguments in support of her appeal: (1) that the ALJ did not afford adequate weight to the opinions of her treating physicians, Drs. Carolyn Haynie and Carla Joanvier; and (2) that the ALJ lacked a medical source to support his findings of no marked or extreme limitations. Each argument lacks merit.

Ms. Brown's first argument cites the assignment of "less weight" to the opinions of treating physicians Drs. Haynie and Joanvier, and the resulting finding that A.S. did not meet listing 112.11 (ADHD). Both treating doctors had issued opinions indicating that A.S.'s impairments met that listing. (Tr. 339-341, 366-70). A treating physician's opinion merits controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c) (2); *Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996) (refined by 20 C.F.R. § 416.927(d)(2) (1999)); SSR 96-2p, 1996 WL 374188. Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). Issues reserved to the Commissioner—such as whether a claimant's impairments meet a particular listing—are administrative findings that are dispositive of a case. *See* SSR 96–5p, 1996 WL 374183, at *2.

The ALJ cited substantial evidence supporting his assignment of weight to both doctors' opinions. As the ALJ noted, Dr. Haynie's opinion did not reflect her contemporaneous treatment records and other subsequent records showing that A.S. improved "academically and behaviorally" when on medication. (Tr. 26). *Compare* (Tr. 339-41) (November 2007 assessment indicating that A.S. had extreme limitations in attending and completing tasks and concentration and persistence, as well as marked limitations in acquiring and using information, among other deficiencies) *with* (Tr. 306-07) (October 2007 treatment note stating that "[G]uardian says that now that [A.S.] is back on medication[,] she is focusing and attending. Teacher states that [A.S.] is improving with dyslexia."); (Tr. 303-04) (Treatment note written one week prior to disability assessment stating that A.S. "continues to focus[,]" that her thought processes were goal directed and spontaneous, and that her behavior was appropriate, friendly, and cooperative, but that she was inattentive). Similarly, as the ALJ noted, Dr. Joanvier's opinions contradicted her own almost contemporaneous treatment notes. *Compare* (Tr. 345) (August 2010 note indicating no hyperactivity, "above average" intellectual functioning, and good grades) *with* (Tr. 366) (September 2010 opinion indicating marked hyperactivity, extreme limitation in cognitive function and marked limitation in acquiring and using information). Instead, the ALJ relied upon the consultative examination report of Dr. Weinstock and the state agency evaluation from Dr. Rose to provide substantial evidence to support the ALJ's conclusion. (Tr. 26-27).

Ms. Brown's other argument is that the ALJ erred in evaluating the functional equivalence of A.S.'s impairments, because he did not rely on any medical opinion to make those findings. Pl. Mot. 21-22. Functional equivalence is determined by rating a child's abilities in six

"domains": (i) Acquiring and Using Information; (ii) Attending and Completing Tasks; (iii) Interacting and Relating Well With Others; (iv) Moving About and Manipulating Objects; (v) Caring for Yourself; and (vi) Health and Physical Well–Being. Disability is established if the child has an "extreme" degree of limitation in one domain or a "marked" limitation in two domains. *See* 20 C.F.R. § 416.926a. The reviewing state agency physician, Dr. Rose, found no limitation in two of the functional domains, "less than marked" limitations in three domains, and "marked" limitation in "Attending and Completing Tasks." (Tr. 326-30). The ALJ found no limitation in three of the functional domains and "less than marked" limitations in the other three, including "Attending and Completing Tasks." (Tr. 27-32).

An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton-Miller v. Astrue,* 459 F. App'x 226, 230–31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion to back a particular RFC, but should base an individual's RFC on all available evidence). In the section of the opinion considering the six functional domains, the ALJ provided detailed analysis for each domain. (Tr. 27-32). In particular, with respect to "Attending and Completing Tasks," the ALJ cited to treatment records from Bon Secours, notes from a social worker, and treatment notes from Dr. Bird to support his conclusion that A.S.'s limitation was less than marked. (Tr. 28-29). While it is possible that a "marked" limitation in the area of "Attending and Completing Tasks" would have been appropriate, or that a "less than marked" limitation could have been substituted for "no limitation" in other domains, any such substitution would not affect the ALJ's ultimate conclusion. As a result, even if the ALJ erred in finding "less than marked" limitation in the domain of "Attending or Completing Tasks," no reversible error exists. Instead, any such error would be harmless because, absent a marked limitation in another domain, the ALJ's finding of "no disability" would stand. *See Shinseki v. Sanders,* 129 S. Ct. 1696, 1706 (2009) (finding the burden of showing an error is harmful normally falls upon the party attacking the agency's determination).

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 16) and DENIES Ms. Brown's Motion for Summary Judgment (ECF No. 15). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge